PEOPLE ex rel. MANHATTAN RY. CO. v. BARKER et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. TAXATION—BOARD OF TAX COMMISSIONERS—LEGALITY OF PROCEEDINGS.
    On review of the proceedings of the board of tax commissioners assessing the personal property of a corporation, the conclusions of the commissioners will not be disturbed unless it appears that there has been a manifest error in the manner of making the estimate, or that evidence which should be controlling has been disregarded.

2. SAME—ASSESSMENT OF CORPORATE PROPERTY—EVIDENCE AS TO VALUE.
    It is competent for the board of tax commissioners, in assessing personal property of a railroad corporation, to consider admissions by the corporation as to the amount of its taxable property in previous years, and its statements made to the railroad commissioners pursuant to law.

Appeal from special term, New York county.

Certiorari to review proceedings of Edward P. Barker and others, as tax commissioners, in assessing for the purpose of taxation the personal property of the Manhattan Railway Company for the year 1895. From an order dismissing the writ the relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Julien T. Davies, for appellant.
David J. Dean, for respondents.

VAN BRUNT, P. J. In the consideration of these cases it has been well established that, unless it appears before the court that the tax commissioners have either proceeded in their estimate and assessment upon an erroneous theory, or they have disregarded evidence which should have been controlling, the court will not interfere with the conclusion at which they have arrived. The difficulty in arriving at precise results is enhanced by the fact that the franchises enjoyed by corporations of the character of the appellant are exempt from this method of taxation, and it is oftentimes exceedingly difficult, in the assessment of the value of the property of a corporation, to separate its franchises and its other personal and real property. This is not the first time that the question as to the taxation of the relator has been before the courts. In recent years strenuous efforts have been made on its behalf to escape its proper burden of taxes. But it seems to us, as it did to the court of appeals when the question of this taxation was before it (40 N. E. 996), that the relator ought not to escape a proper assessment for its property. It appears from the record and from the evidence which was adduced before the commissioners of taxes and assessments and also before the court that it is claimed upon the part of the relator that its debts exceed in amount its taxable personal property. In view of the admissions previously made by the relator in reference to its taxable condition, the reports as to its prosperous business made to the railroad commissioners of the state, and the fact that it has been able to pay dividends upon its stock at the rate of 6 per cent. per annum, to

pay all its fixed charges, and to have a considerable surplus remaining, the suspicions of the commissioners of taxes and assessments were naturally excited that the relator was not in the poverty-stricken condition which it sought to have them believe. They thereupon took into consideration the admissions as to the taxable property owned by the relator upon a previous occasion, the facts contained in its report to the railroad commissioners as to its prosperous business, offset as those facts were by the evidence introduced by the relator before them in reference to deductions which they claim should be made in order that the amount of taxable personal property should be ascertained; and concluded that the actual assets of the relator subject to taxation amounted to the sum of $16,496,995. In their method of procedure the commission-ers seem to have followed the lines marked out for them by the court of appeals in the case of the relator against the tax commissioners (146 N. Y. 304, 40 N. E. 996); and upon an examination of this record we cannot say that they have reached an erroneous conclusion. The claims, as advanced by the relator in this proceeding, which it is urged are supported by the evidence which they have introduced in reference to deductions which should be made in ascertaining the cost and actual value of the personal property owned by them are certainly at variance with their admissions made in the year 1893, and the representations contained in their report to the railroad commissioners made for the year 1894. The commissioners of taxes and assessments had a right, as the court of appeals have laid down in the decision above referred to, to consider these admissions and this report, and, if they concluded that greater reliance was to be placed thereupon than upon the showing which the relator made before the commissioners for the purpose of escaping taxation, we do not think that we can interfere, and set aside the conclusion of the commissioners.

We are of opinion, therefore, that the order should be affirmed, with costs. All concur.